UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

        Case No. 20-cr-74-pp

DAVID LOZADO-OTERO,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR THE DISTRICT COURT TO CONSIDER EARLY TERMINATION OR REDUCTION OF SUPERVISED RELEASE AND APPOINTMENT OF COUNSEL (DKT. NO. 4)**

      On February 20, 2018, Judge Robert W. Gettleman of the Northern District of Illinois sentenced the defendant to serve twenty-four months in the custody of the Bureau of Prisons for possessing with intent to distribute heroin. Dkt. No. 1-1. He ordered that the defendant serve three years of supervised release following that prison term. Id. at 3. The defendant had been charged in five counts of a thirty-three-count indictment with possessing heroin with intent to distribute on five different occasions. Dkt. No. 3 at 15-52. Probation reports that the defendant began his supervised release term on March 11, 2020 and is scheduled to complete it on March 10, 2023. Dkt. No. 6 at 1. On April 29, 2020, Judge Gettleman ordered the defendant's supervision to be transferred to this district. Dkt. No. 1.

      The defendant has served one year and nine months of the three-year supervision term Judge Gettleman imposed. He has asked the court to terminate his supervised release early or to reduce the term. Dkt. No. 4. He explains that he became a barber while in custody and enrolled in the GED

1

program (though he could not finish it before he was released). Id. at 1. While in custody, he put together a business plan to become a mentor to young people. Id. He says that after his release, he earned his commercial driver's license and was able to start his own company, Master Towing LLC. Id. at 2. He says that he now is able to give back to the community and "establish a positive and productive life for [his] wife and 5 children." Id. He also indicates that he has completed his restitution payment. Id.

Probation confirms that the defendant opened Master Towing on May 29, 2020 and that he continues to own and run it. Dkt. no. 6 at 2. Probation also reports that the defendant appears to have surrounded himself with a positive support network, has abstained from drugs and alcohol and has maintained a stable residence. Id.

The defendant correctly points out that the court may terminate supervised release any time after the expiration of a year if the court believes that it is warranted by the person's conduct and is in the interests of justice. 18 U.S.C. §§3564(c) and 3583(e)(1). There is a presumption in favor of recommending early release if the person has served at least eighteen months of supervision, is not a career offender, has not committed sex or terrorism offenses, presents no risk of harm to the public or victims, has had no court-reported violations for a year, demonstrates the ability to manage himself once supervision is over and engages in pro-social activity.

The defendant appears to meet these requirements. The government commends the defendant on the strides he has taken, but objects to early termination before the defendant has served two years of the three-year release term. Dkt. No. 7. It notes that it takes some time to change bad habits to good

and for those good habits to take hold. Id. It appears the government would not oppose early termination once the defendant has served two years. Id.

The court will deny the defendant's motion at this point; it agrees with the government that the defendant needs a bit more time to continue the very good track record he has established. The court also notes that the defendant has not identified any particular impediment created by supervision—for example, he has not indicated that he wants to move and cannot do so because he is on supervision, or that he needs a certain type of license which he can't obtain because he's on supervision. But the court would be happy to consider the defendant's request in March 2022, once he has served a full two years on supervision and assuming (as the court does) that he will continue on the very positive path he has begun. The court commends the defendant for the progress he has made and encourages him to renew his motion any time after March 10, 2022.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for early termination of supervised release. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 13th day of December, 2021.

                              **BY THE COURT:**

                              **HON. PAMELA PEPPER**
                              **Chief United States District Judge**